**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

EVERGREEN FINANCIAL GROUP, L.P.,

Appellant,

v.

CITY NATIONAL BANK,

Appellee.

Case No. 16-cv-00430-BLF

**ORDER GRANTING APPELLEE'S MOTION TO DISMISS APPEAL AS MOOT**

[Re: ECF 3]

Debtor/Appellant Evergreen Financial Group, L.P. ("Evergreen"), has appealed an order of the Bankruptcy Court granting Appellee City National Bank's ("the Bank") motion for relief from stay. *See* Notice of Appeal, ECF 1-1. The Bank moves to dismiss the appeal as moot. *See* Motion to Dismiss, ECF 3. For the reasons discussed below, the Bank's motion is GRANTED and the appeal is DISMISSED AS MOOT.[1]

**I.   BACKGROUND**

Evergreen filed a Chapter 11 Petition on March 25, 2015. *See* Pet., ECF 1 in BR 15-50981 SLJ. The Bank sought relief from the automatic stay to allow it to pursue its rights and remedies with respect to residential real property located at 174 Spendrift Road, Carmel, California ("Spendrift Property"). *See* Motion for Relief from Stay, ECF 64 in BR 15-50981 SLJ. The Bankruptcy Court granted the motion for relief from stay on the record at a hearing on December 8, 2015 and issued a written order on December 18, 2015. *See* Order on Motion for Relief from Stay, ECF 71 in BR 15-50981 SLJ. The written order provides that the Bank "shall have relief from stay, effective as of January 7, 2016, to exercise its rights and remedies with respect to the Property." *Id.* Evergreen filed a Notice of Appeal of that order on December 21, 2015. *See* Notice of Appeal, ECF 72 in BR 15-50981 SLJ. The appeal initially was transmitted to the

---

[1] The Court took the motion to dismiss under submission without oral argument. *See* Order Submitting Motion Without Oral Argument; and Vacating Hearing, ECF 11.

Bankruptcy Appellate Panel, but subsequently it was transferred to the District Court and assigned to the undersigned judge. *See* Notice of Transfer of Appeal to District Court, ECF 1.

The Bankruptcy Court denied Evergreen's motion for a stay of the order for relief from the automatic stay. *See* Order Denying Ex Parte Motion for Stay Pending Appeal, ECF 88 in BR 15-50981 SLJ. On January 7, 2016, the Bank concluded a non-judicial foreclosure sale at which it purchased the Spendrift Property for a credit bid in excess of $6.3 million. On February 18, 2016, the Bank moved the Bankruptcy Court for relief from stay to permit it to remove Evergreen and Evergreen's personal property from the Spendrift Property. *See* Motion for Relief From Stay, ECF 97 in BR 15-50981 SLJ. The Bankruptcy Court entered an order granting that motion on March 1, 2016. *See* Order Granting Relief from Stay, ECF 103 in BR 15-50981 SLJ. Six days later, the Bankruptcy Court dismissed the bankruptcy case. *See* Order Dismissing Chapter 11 Bankruptcy Case, ECF 104 in BR 15-50981 SLJ. Evergreen did not appeal the order of dismissal, which has become final.

The Bank now seeks dismissal of Evergreen's appeal of the Bankruptcy Court's December 2015 order granting relief from stay. Following briefing on the motion and its submission for disposition, the Bank filed a Supplemental Brief notifying the Court of a recent decision issued by the Ninth Circuit Court of Appeals, *In the Matter of Castaic Partners II, LLC*, --- F.3d ---- (9th Cir. 2016), 2016 WL 2957150 (9th Cir. May 23, 2016). Evergreen did not file a response to the supplemental brief within the time provided by the Federal Rules of Bankruptcy Procedure. *See* Fed. R. Bankr. P. 8014(f) (any response to supplemental authority must be filed within seven days of service).

**II.   DISCUSSION**

The present case is indistinguishable in all material respects from the Ninth Circuit's recent decision in *Castaic*, which mandates dismissal of Evergreen's appeal as moot. Castaic defaulted on loans secured by parcels of real property in Los Angeles County, California, and subsequently filed multiple related bankruptcy cases. *Castaic*, 2016 WL 2957150, at *1. DACA, which held the beneficial interests in the loans, moved the bankruptcy court for relief from the automatic stay so that it could proceed with foreclosure sales of the properties. *Id.* The bankruptcy court granted

the requested relief, and Castaic appealed that order. *Id.* While that appeal was pending, DACA foreclosed on the properties and acquired them by credit bids at the foreclosure sales; and the bankruptcy court dismissed Castaic's bankruptcy cases on the ground that the real properties had been Castaic's only significant assets. *Id.* Castaic did not appeal the dismissal orders, which became final fourteen days later. *Id.*; *see also* Fed. R. Bankr. P. 8002(a)(1) ("a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed").

The Ninth Circuit held that under those circumstances, Castaic's appeal of the bankruptcy court's order granting relief from the automatic stay was constitutionally moot. *Castaic*, 2016 WL 2957150, at *2. The Ninth Circuit held that "[i]n a bankruptcy appeal, when the underlying bankruptcy case is dismissed and that dismissal is allowed to become final, there is likely no longer any case or controversy with respect to issues directly involving the reorganization of the estate." *Id.* (internal quotation marks and citation omitted). The Court went on to state that "[a]bsent an appeal from the dismissal orders, we have no power to restore the bankruptcy proceeding." *Id.* The Court concluded by observing that, "Had Castaic appealed from the order of dismissal, this Court might have had some power to grant effective relief. Absent such power, this appeal does not present a justiciable case or controversy." *Id.* at *3.

As did the debtor/appellant in *Castaic*, Evergreen appealed the Bankruptcy Court's order granting relief from the automatic stay, but did not appeal the subsequent order dismissing the bankruptcy case that was filed while that appeal was pending. The order of dismissal was issued on March 7, 2016 and became final fourteen days later. Evergreen's appeal therefore must be dismissed as moot under the holding of *Castaic*.

**III.   ORDER**

    (1)   Appellant's motion to dismiss the appeal as moot is GRANTED;

    (2)   The appeal is DISMISSED AS MOOT; and

    (3)   The Clerk shall close the file.

Dated:  June 2, 2016

_____
BETH LABSON FREEMAN
United States District Judge